Before we start, I'd just like to recognize how proud the court is to have Judge Richardson on. He sat in bank case the last term of court, but I believe today might be the first time on a three-panel court, Judge. It is indeed. Welcome, and we're looking forward to a long association, and I think you'll find him to be an engaging judge. All right, we'll hear Jamison v. Cohen. Ms. Cole. Thank you, and may it please the court. I represent the appellate, Swarton Cohen, in the state of South Carolina. I am here before you today because the district court lost its way. The order is flawed for three reasons. First, the order grants relief on a matter that is not cognizable in habeas review. The order ignores the deference to state courts that AEDPA demands, and the order grants relief barred by our state procedural rules and, frankly, lacks any force or authority rendering it an advisory opinion. And I'll address the third point first because the bottom line is that the relief granted is illusory. It violates South Carolina's procedural bar against successive applications, and the relief has already been afforded in this case. In South Carolina, with narrow exception, an individual seeking relief under a PCR application is effectively granted one chance to argue for relief. Our state law says that any ground finally adjudicated in any proceeding the applicant has taken to secure relief may not be the basis for subsequent application. Here, the Supreme Court of South Carolina did fashion a new legal standard of review for newly discovered evidence in PCR claims following a guilty plea. However, the Supreme Court- Was it actually a new? I don't know if it matters that much. I mean, everybody makes a big deal about it being new, but it seemed to me the court basically rejected the five-factor test because it's a different circumstance than a guilty plea. And it sort of formulated a test to address something where there was a gap, basically. I suppose that's new, but it's not a change of any kind. It just hadn't been done. I agree with you, Your Honor. I think to give his argument in the light most favorable to his argument, you could argue it was a new standard. Certainly the dissent in the South Carolina Supreme Court opinion seems to think that. But it's not as if they had one standard and switched to the next. It's where the court had not addressed it, so they have to try to figure out what's appropriate in a guilty plea circumstance. That's correct. And, of course, down in the weeds, you realize that five-factor test doesn't really make any sense when applied to a guilty plea. It just doesn't make sense. So we would argue, you know, there was no new or change in law. This was simply, as you said, a gap filler or explaining a gap in the law. The South Carolina Supreme Court applied the rule or the explanation on direct appeal or on direct review of his PCR appeal. So the Supreme Court of South Carolina made findings that the evidence was insufficient for support relief as a matter of law. A lower state circuit court hearing this PCR on a third time cannot overrule the state Supreme Court, who has already made findings. Can you back up for me just a second? Because we don't need to get to all of that if this is not cognizable for federal habeas relief. Can you make your argument on that? Absolutely. Mr. Jameson claims a due process and equal protection violation because the South Carolina Supreme Court did not remand his PCR action back to the circuit court for review under the new interest of justice standard announced in the opinion. However, he's merely layered a nonspecific constitutional claim over what is clearly only a state court matter. Jameson takes issue with the judicial determination made by the Supreme Court in addressing the newly discovered evidence claiming a collateral action. This is not a denial of collateral process. It's a denial of collateral relief. That does not equate with a due process violation. The United States Supreme Court says that federal habeas relief cannot lie in errors of state law. The federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state or federal proceeding that led to the petitioner's conviction. What occurred in a collateral proceeding does not enter into the habeas calculation. This circuit has long held that alleged infirmities in a state post-conviction action are not matters that may be addressed in federal habeas corpus actions. And so even if we were to accept his argument of error as true, and we certainly do not, an error of state law on a state collateral matter is not a denial of due process. Otherwise, every erroneous decision by a state court on state law would come to the court as a federal constitutional question. In other words, Jameson lost in his collateral action. He can't just say it isn't fair and then all of a sudden it's a constitutional due process violation. He has to have specific support from established Supreme Court law, which brings us to the second and more significant error in the district court's order, which is that it ignores the deference to state court merits ruling that AEDPA demands. And I certainly can answer more questions about the cognizable part of the claim, but AEDPA's deference is certainly significant here as well. The Supreme Court has been very clear... Or is it just it unsatisfies 2254 scope? In other words, I suppose the only way he gets into federal court is under 2254, and your argument is that 2254 provides habeas relief with respect to detention and aspects of the state court's ruling holding him in detention. And your argument is that, well, this is not a detention proceeding that they're attacking, it's a collateral proceeding. Yes, sir. I suppose in some sense that's jurisdictional, isn't it, or not? Well, I think, and I'm not sure if this is a direct answer. I'm not sure it's an important question to be answered, but I'm a little curious at the strength of your argument there because it is unusual to try to raise a habeas in federal court with respect to what a state habeas court did. It's certainly our position he has no place in this matter. He, of course, raised other grounds that were denied relief in the district court that would put it squarely within the habeas action, and maybe you could argue this was piggybacked onto it for jurisdictional, but, no, we don't think it has any place here. So, sure, we could argue it's not jurisdictional on this ground entirely, but it's certainly not a federal cognizable claim. And in addition to that, even if it were, and it's not, even if it were, there's got to be deference afforded to those state court decisions. And then, furthermore, we've got the remedy problem, which doesn't make a lot of sense in this case. To be entitled to relief under 2254 D1, this court must ask, does a prior decision of the United States Supreme Court clearly require a highest state court to remand a case back to its circuit court to make a judicial determination on after-discovered evidence in a collateral matter? And if the answer is no, then the state court decision is entitled to deference. Similarly, there is no binding United States Supreme Court precedent that entitles a petitioner to a right to any particular newly-discovered evidence standard of review after a free and voluntary guilty plea was entered. Instead, the case law shows that challenges of this nature are generally not allowed absent a valid claim of a violation of a constitutional right, such as the ineffective assistance of counsel or an involuntary guilty plea. In fact, the relevant Supreme Court precedent we do have on challenging guilty pleas on the basis of after-discovered evidence generally disfavors that. I suppose you could probably concoct some kind of hypothetical where a fact was critical to the guilty plea and it was a fact that the defendant could not have known it was a part. But when you're challenging what happened in a particular occurrence to which the defendant was a party and saw it all and he gets somebody else to corroborate one thing or another, it seems to me his guilty plea sort of assumes everything. I mean, he knew it all, and he knows what he's pleading guilty to and why he shot and what was there. And the fact that he gets another person to help him out on the defense seems to me that that's what the guilty plea is intended to avoid. Certainly, certainly. Obviously, our position is he waives that, and you're right. But I was just trying to suggest that I would predict that if the Supreme Court were making a rule on that, they would never make it absolute. There's always an escape hatch. And I think that's what they did in this case. I think they didn't want to make a flat-out prohibition just in the rare circumstances, they said, in which the interest of justice may require this. This doesn't. And again, they did review the testimony, and they reviewed the testimony, and really I think in the light most favorable to Mr. Jameson by assuming that Bellamy's testimony was accurate and assuming that it was credible. And they just found that this was not going to satisfy the interest of justice test. Again, that's the problem with remanding it back to the state circuit court to have a third PCR hearing to decide whether or not the state Supreme Court was correct in their application of the standard of review to these particular circumstances. It's opening up a can of worms that just doesn't need to be opened up. We have state law that governs the newly discovered evidence when there is a challenge to a guilty plea, and that's exactly what happened in this case. It followed the state law process, which was on collateral review. So because there's no United States Supreme Court case finding the constitutional right to release based on a showing of actual innocence or even a right to demand the state court remand a case to a lower state court for findings, the South Carolina Supreme Court's opinion cannot be said to be contrary to clearly established federal law in support of 2254-D1. So this doesn't survive 2254-D1, the district court's order. I'm here before you today to ask this court to respect our state court's findings on our own state law. The district court granted a remedy that's fully in conflict with the principles of comity by not only pitting the federal court against the state court, but also by pitting a lower state court against our higher state court. We would simply ask this court to prevent the intrusion of an unfounded federal intervention where none is needed in this case, and we would ask that you reverse the district court's ruling. All right, thank you, Ms. Gold. Mr. Dolan? Good morning, Your Honor. May it please the court, Gregory Dolan, for the petitioner Eppley. I would like to begin with pointing out where the state of South Carolina and the Eppley agree. We absolutely agree with the state that there's no federal remedy for mere errors in a state collateral process. However, that is not what Mr. Jameson is arguing, either in the district court or is arguing here. The issue is that he was never afforded any process on the critical issue as to whether or not he meets the interest of justice standard. And Judge Neumeier, whether or not it's a new standard or a gap filler on this issue doesn't quite matter. Even if it is merely a gap filler on an issue that South Carolina Supreme Court has never previously addressed, the problem is that issue was not before South Carolina Supreme Court. That issue, Mr. Jameson was never given an opportunity to argue whether or not he meets that standard. He was under South Carolina's own procedures. He was not permitted to argue that thing in his brief because the cert was granted on two issues and two issues only. A, whether his petition was timely, and B, whether any remedy is available following a guilty plea. What about the fact that he pled guilty and it was a knowing and voluntary plea? You don't disagree that it was a knowing and voluntary plea? It is the state of the record. It very well may be that had he had this testimony of Mr. Bellamy beforehand, he would have made a different choice, but I am forced to concede that as the record stands, it is a knowing and voluntary plea. So what do we do with that? And if this were a federal matter, if this were United States versus Jameson, I think the outcome would be quite different because the federal Supreme Court has held that once there's a knowing and voluntary plea, it essentially weights all defenses. Apparently, South Carolina Supreme Court has taken a different position, that even following a knowing and voluntary plea, a PCR petition may be filed, may be heard, and relief may be granted. So the fact that it was a knowing and voluntary plea under South Carolina law, it appears not to be a bar to reopening the matter on PCR. So what is the clearly established federal law here? So the clearly established federal law, perhaps the best case is Jefferson versus Upton, which is a Supreme Court case that said that there's no deference to state judgment unless petitioner was heard. And in that case, when the state post-conviction court, we're in state habeas court, issued a decision on which the party was not heard and which was essentially written ex parte, the Supreme Court remanded the matter back to state courts. And that is why we disagree with South Carolina's position that there's a procedural bar, that the federal district court's order, the South Carolina district court's order, would violate South Carolina procedural, would create an illusory relief. Because if the court agrees with our position that Mr. Jameson was never heard on the issue, then the relief would fully comport with what Supreme Court did with Jefferson versus Upton. And the question is not whether the remand will be to a PCR trial-level judge, a South Carolina Court of Appeals, a South Carolina Supreme Court. We take no position as to which court should properly adjudicate this matter, and this is fully... Well, answer that question, though. You have to take a position on what this court's order does. So if we, in a one-sentence order, affirmed this order to the extent that we can figure out what it says, what happens in the state court? Where does it go, and what happens, under your view of what the order granted? Well, Judge Hurston, the order certainly required hearing before a trial-level PCR judge. But I think that is a matter, as the state correctly points out, I think that is a matter for South Carolina's own laws and South Carolina's own procedures. Well, no, no. But, you know, federal judges ordered that that happens, which I think under your view of the world means that federal judges dictated what the state does. I mean, this is part of the problem, right? And that very well may be. Again, so if this court deems it necessary to affirm as modified, to just remand to South Carolina's system, whether it's to the Supreme Court, and the Supreme Court can decide whether to keep it for themselves or to send it back down. So how would you modify it? I'm going to come back to that. So if you wanted that to happen, and you sort of recognized, I think, that what the district court did here, at least on its face, is impermissible, but if you were going to modify it, how would you modify this judgment in a manner that appropriately handles the context that we're in? I would just make a small footnote is that I don't think I'm conceding what the district court is impermissible. You don't have to concede it. It very well may be, but I think it is. It is, but you don't have to concede that point. Just move to the next one. But if this court were to modify, then I think the remand perhaps should be to South Carolina's Supreme Court as opposed to South Carolina trial level court. So that seems odd, because what the judge has decided below is that the Supreme Court can't decide this issue. So if you modify it that way, then the order is internally inconsistent, because it says the Supreme Court can't decide this issue, but I'm sending it back and directing that the five justices of the Supreme Court, that they do something. I'm not sure what they would do then, because they've been told by a federal judge they can't decide, but now they've been told by the same federal judge that they should decide. Admittedly, the district court order is somewhat short on the explanation as to exactly what. I know, but I'm asking you what you would suggest the district court, and I make a lot of assumptions here, right, that this is even theoretically plausible. But if you were going to modify it, help me understand, which I think is the internal inconsistency here, of how possibly a district court could do what happened here. So I don't think it's incorrect. I'm sorry. I don't think it's correct to say that the Supreme Court of South Carolina cannot decide this issue. I think that is entirely a matter for South Carolina law, and it is not for this federal court to dictate which court ought to decide this issue. But this South Carolina Supreme Court did decide this issue. Except that they decided this issue without Mr. Jameson having an opportunity to be heard on it. And so that is the conflict with Jefferson v. Upton. So if South Carolina Supreme Court, if it's appropriate venue, South Carolina Supreme Court, that all that needs to happen, and by the way, he may ultimately lose on the merits, but all that needs to happen is that he should be given an opportunity, now that he knows what the standard is and now that he knows that issues before the South Carolina Supreme Court as opposed to the issues in which sort of was actually granted. All that needs to happen is he should be given an opportunity to argue his case, and South Carolina Supreme Court ought to decide on the merits, and if they come to the same conclusion, then so be it. And that conclusion will deserve deference under it. So to go back to my question, your modification would change the district court's order to say, I am vacating the state Supreme Court's determination that he cannot meet this standard, and I am sending it back, and I am directing five justices of the great state of South Carolina that they must order briefing and permit argument on the standard that they've determined cannot possibly be met under the circumstances that are set forward here. I think the determination that the South Carolina Supreme Court has made was, I don't know if it can possibly be met or not, because they did not have the opportunity to receive. That's what they said. They said it cannot possibly under these circumstances. The facts that they knew. It's like a motion to dismiss. Like the Supreme Court looks at the facts here and says, it cannot possibly be that they meet the high bar, whatever that bar is, where there's a guilty plea. On the motion to dismiss, usually the party opposing dismissal gets an opportunity to be heard. I think that is really our issue. Didn't the court have the affidavit? The court had the affidavit. The question was. So what more could be said? I lied under oath when I entered my knowing and voluntary guilty plea? No, Justice Packard. I think what can be said is an argument can be made, and ultimately it may be non-persuasive on the merits, but the argument, he should be given an opportunity to make this argument as to why this affidavit, together with other evidence of records, does in fact meet the standard. And I would also point out one other issue. So the Supreme Court of South Carolina closed with this one sentence, saying that one of the reasons we cannot grant relief is because Mr. Jameson has not asked us to address the doctrine of transferred intent. Of course, once again, that was not before the court. He was not permitted to do so. But as it happens, just two months ago, and I will send a 28-J letter to the court, in the case of State v. Scott, South Carolina Supreme Court, in a four-to-one decision, the court said that when a person shoots in self-defense and hits an innocent bystander, the self-defense doctrine applies equally, even though an innocent party is shot. So even though the court in this case said South Carolina has not recognized, has not yet recognized this doctrine of transferred intent, apparently it is the law of South Carolina. And perhaps if Mr. Jameson was given that opportunity to argue, that was one of the issues granted for review that would have been recognized earlier, and he would have been a beneficiary of that. The problem is not the outcome on the merits. The problem is that he was never given an opportunity to fully present his case, whether with respect to the applicability of self-defense. Actually, though, they blur. He knew all the facts of that night, and he chose to plead guilty, and the whole notion of pleading guilty precludes going into all these issues as to whether there was self-defense or whether, I mean, there was one notion that the man on the other side approaching brought this 15-year-old kid, had two hands on him and pulled him in as a shield. There was no gun scene, and so we're sitting there relitigating all this, and he was there, and he says, I'm pleading guilty to this manslaughter charge, and basically we're saying he should, I don't know what the standards are in opening guilty pleas are anymore if we are allowed every time somebody pleads guilty to then go and regurgitate the facts under which he pled guilty. I mean, the court there, when he takes the voluntary plea, only finds sufficient facts to justify conviction, and this would, if we get through all those procedural snares, we would be telling South Carolina to get involved in a very strange world. Your Honor, I respectfully disagree, but I think in the middle of your question, I think you got to exactly the point that this court doesn't need to decide what the standard is for reopening the guilty plea, and as I, in my answer to Judge Thacker some while ago, I said if this were a federal case, it would be quite different, but in South Carolina, it appears that- In South Carolina law, what are we fiddling with it for? We're not fiddling with South Carolina law. Your argument is that they changed the law somehow, but the fact is that a guilty plea was a guilty plea, and it's been going on in South Carolina for a long time, and the question is, when you try to open a guilty plea based on a subsequent discovered evidence, is there a standard? And the court hadn't decided, so the court says, well, we'll open it up if there's substantial justice, but in this case, we don't need to open it up. We didn't even get there. Now, the question is, what are we telling South Carolina they have to do? We have to tell them they have to do something different from federal law, and your argument, I suppose, is, no, they can follow state law, but they have to follow due process. Right. Our argument is that whatever the standard South Carolina decides on, and that is entirely a matter for state law, the petitioner, and I believe here, should be given an opportunity to be heard on that standard. Again, even that standard was arrived at without any input from Mr. Jamieson, but even that aside, once the standard has been set, he should be given an opportunity to argue whether or not he needs it, as opposed to coming to a decision essentially ex parte. Let me ask this question, sort of changing the scenario, and this is obviously a hypothetical. If the Fourth Circuit were to address a question, and in my hypothetical world, this hasn't been decided, it's this question, right, that the state of South Carolina decided, and we say, you know, the government wants to say, no scenario do we ever open up a guilty plea, just like the government argued in front of the state Supreme Court, and, you know, the defendant says, you should always open up a guilty plea, on Tuesdays at least, and so the Fourth Circuit says, we're not going to say never, but we're going to say, as basically the Supreme Court in South Carolina said, almost never, but that's new, because the Fourth Circuit hasn't done this before, and yet the Fourth Circuit looks at the facts in this case and says, you know, wherever the line is, this is not close enough, there is no chance that the record could support a finding that this is that extraordinary case, and so we are going to reject the claim without remanding for argument or further factual development. Would that be a violation of the due process clause for us, or to do that, to sort of make that determination as a court, that we don't have to remand this for further factual findings, because the record shows without a doubt that it cannot be met? Well, I think, taking your hypothetical, Judge Richardson, I think it would be different, if I'm reading your hypothetical correctly, for the following reasons. Give me the answer to the hypothetical, then tell me why the hypothetical is wrong. So, I think, no, it would be different, and again, just based on my reading of your question, and please correct me if I'm wrong, but in your question you said that if this court were to say wherever the line is, it's not met. But this is not the same case that we have here, because on the underlying... Except hypothetical, though, the answer is, that is not a due process problem. This may not be a due process problem, because it's never met wherever the line is, and as well as, it's an issue of whether or not, again, whether or not there was an opportunity to argue this case. But my hypothetical, this is a new standard, right? They didn't have any opportunity to argue it, but we as the Fourth Circuit say, there's a waste of time for us to remand this to the district court, because based on the record we've got, there is no possibility that this defendant, petitioner, could ever meet that standard, and so we reject it without remanding. I mean, that seems to happen, right? And so nobody's ever claimed that that's a violation of due process, that any time this court adopts a new standard, we must remand it to the trial court for factual development. No, I think that's exactly right. However, I think that most of the time when this court adopts a new standard, a party is heard, either through supplemental briefing or part of the initial briefing. It is not, it doesn't happen the way it happened here, where South Carolina Supreme Court granted cert on two issues. Its own rules prevented Mr. Jameson from arguing differently. As this court mentioned in Thomas v. Davis, under South Carolina law, petitioner is not required, plaintiff is not required to assert additional grounds for affirmance because he's limited to the cert grant. And so in those circumstances, when there's no opportunity to argue either the standard or whether or not the standard is met, then the ultimate outcome on that issue does not deserve deference under AEDPA. And I think that actually brings me perhaps to my final point on the principles of comedy. I think state has exactly backwards. The district court showed extraordinary deference to South Carolina state courts because if their decision is not, does not, has not earned the AEDPA deference, that means that the federal courts could have fashioned an entire remedy on its own. Instead of doing that, the federal court, in a show of understanding of South Carolina's interest in this case and South Carolina's sovereignty over this matter and in South Carolina adjudication and administration of its own judicial system, remanded the matter back merely for the opportunity for Mr. Jameson to make his case. And if this case ultimately gets rejected under merits, so be it. Isn't that a little bit like saying on a 12b6 motion, civil motion in federal court, the court throws it out because the allegations don't meet the line necessary for demonstrating a claim. And the Fourth Circuit comes and says, oh, go back and have a hearing to see if he can demonstrate that. It seems to me if his allegations fall short of the line necessary to establish liability, it gets thrown out as a matter of law. And that's really what the Supreme Court of South Carolina did. They said that in this case, based on this record, there's no chance that he can satisfy the escape hatch that we put in there. And therefore, it's a matter of law. And I take your point, but I think, again, usually, with very few exceptions when there's an abusive litigant, usually when there's a 12 pending 12b6 motion, the party against whom that motion is filed gets a chance to say why it shouldn't be granted. It doesn't mean there always has to be an oral hearing. It could be done on papers. But there's some process and some notice to the party that that might happen. And I think that's what was absent here. And in those circumstances, the Fourth Circuit usually does say, and if there's a Supreme Court precedent that says you have to- Well, that's not what happened here. It's just the opposite. Your client obtained an affidavit which he believed would entitle him to, I don't know, withdraw his guilty plea. Is that the argument? That is the argument that was accepted by the trial court. And so he did present what he had to the court. And the court basically said that's not enough. So he had his opportunity to make that presentation, and the Supreme Court basically said that's not enough to open a guilty plea. Well, Your Honor, I especially disagree. I think the argument he was making to the South Carolina Supreme Court was on two issues and two issues only. One, whether his PCR petition was timely. And, B, whether guilty pleas are ever subject to PCR petitions. That was the entirety of the things that he was allowed to present. And on those two issues, South Carolina Supreme Court unanimously agreed with Mr. Jamieson. Everything else was done without any input from the FOE here. I see that my time has run out unless there are any further questions. All right. Thank you, Mr. Dahl. Thank you, Your Honor. Ms. Cole. Thank you, Your Honor. Very briefly, we respectfully disagree with Mr. Jamieson's position that they didn't have the opportunity to present this argument when from the get-go of these proceedings it was very clear that the state's position was that following a guilty plea, the five-factor test would not apply because there is no trial. So that was the state's position from the very beginning. The PCR judge, even in his order of dismissal, expressed concern, I think is the way to put it, that there was no state law governing the after-discovered evidence following a guilty plea. So certainly everyone was on notice that this was going to be the issue, even though the PCR court wanted some guidance from the state Supreme Court. So it sort of set it up nicely for the state Supreme Court to come in and clarify the law in this regard. I suppose his argument is unless it's absolute, if there is an escape hatch, he would like to have had to know where that escape hatch was before he filed his papers. Well, certainly we would all like to know the script before the state would like to know. I think that's his position, isn't it? It is, and he filed a petition for rehearing, which is what we would do when we challenge the state court's ruling as well. So he did have an opportunity to be heard both before the state court ruled and then after the state court ruled, and it denied the petition for rehearing and rejected that argument. So there was no lack of notice. There was no lack of opportunity to be heard on the merits of the argument. Did the petition for rehearing, and I just don't know the answer to this. This isn't a trick question. Did the petition for rehearing address the new, I don't want to call it a new test, but just for usefulness sake, the new test set out by the South Carolina Supreme Court, did the petition for rehearing by the petitioner address that? Yes, Your Honor, and if you'll look at the, I've got an entry for you if that will help. Sure. I guess, I apologize for not knowing, but you all would refer to this as document number 24. Is that correct, page 233 of 298? Or the lower court's docket numbers, it would be 19-13, if that helps you. That's the petition for rehearing, and they do talk about the opportunity to be heard and the idea that the TV laid, the idea that we didn't get to present this argument before. So they addressed that in the petition for rehearing, certainly. And then to jump to another topic altogether, Judge Richardson, you talked about how would you modify this district court's order, and I think once you get into the details of that, you realize what a mess this is. Because what happens when, if it goes back to the state circuit court for PCR pre-hearing, what happens when he files and the state immediately files a return of motion to dismiss? Has relief been granted because he was allowed to present his application and it was docketed? His argument says it should go back to the state supreme court. And he says now supreme court. Well, okay, so we still do a return to the petition for cert, and the state court moves to dismiss because they've already decided this. Is that in compliance with the district court's order? I think he says that implicitly the district court, and maybe I'm putting words in his mouth, but he's sitting down now, so I'll do that. But he says implicitly the district court has vacated the supreme court's decision, at least on this point. And then the supreme court will go back and, again, make the exact same determinations. It's just why do we go down that path? It's just much easier. Well, it's not a matter of being easy. It's appropriate to reverse the district court and not subject our resources to this and not open up this can of worms. All right. Thank you very much. Thank you for this call. Ms. Dolan, I want to recognize you were court appointed, and as you know, this is a very important service. We want to recognize this, and you did a fine job. We'll come down and recounsel and proceed on to the next case.
judges: Paul V. Niemeyer, Stephanie D. Thacker, Julius N. Richardson